FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 02, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JORGE BALLESTEROS,<br><br>        Plaintiff,<br><br>v.<br><br>CLAYTON MYERS,<br><br>        Defendant. | No. 1:24-CV-03015-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 15. Plaintiff is *pro se*. Defendant is represented by Carl Warring. The motion was considered without oral argument.

Having reviewed the briefs, caselaw, and record, the Court **grants** Defendant's Motion.

### BACKGROUND

This case was filed in Kittitas County Superior Court on February 2, 2024. Defendant removed the case to the United States District Court for the Eastern District of Washington on February 6, 2024, pursuant to 28 U.S.C. § 1331. Plaintiff seeks recovery under 42 U.S.C. § 1983 for violations of his constitutional rights.

Plaintiff claims Defendant, in his capacity as the Kittitas County Sheriff, violated his Eighth Amendment rights against cruel and unusual punishment by refusing him yard time for 80 days starting on November 6, 2023. He claims the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Kittitas County Jail only provides seasonal opportunities for exercise despite alternative options indoors and without any penological justification for the deprivation.

Plaintiff wrote Defendant complaining of the deprivation and submitted a grievance on or about January 22, 2024. Kittitas County Jail uses a three-step procedure to process inmate grievance forms: (1) the inmate must file an initial grievance, which is reviewed by a sergeant; (2) if denied, it can be appealed at an intermediate level, which is reviewed by lieutenants; and (3) if it is denied again, it can proceed to a final appeal, which is reviewed by the superintendent. After stage three, the appeal is considered exhausted for the purposes of satisfying the requirements under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The Jail considers grievances on issues like conditions of confinement, health issues, recreational opportunities, and more. On the form, the instructions specify the grievance must be filed within 14 days of the incident and each form must only address one grievance.

The sergeant reviewing Plaintiff's grievance responded in the initial review on February 5, 2024, and stated the grievance from January 22 was administratively closed because it was not filed within 14 days of the incident. Plaintiff failed to note a date of the incident. Instead of appealing, Plaintiff refiled his grievance on February 6, 2024, and continued with this present action. He did not complete the grievance process.

Plaintiff seeks a declaration that his rights were violated, a preliminary injunction ordering Defendant to stop the deprivation, compensatory damages in the amount of $50,000, and nominal and punitive damages in the amount of $50,000. He also requests a jury trial. Plaintiff now resides in FDC SeaTac.

//
//
//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

## MOTION STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant seeks summary judgment based on Plaintiff's failure to exhaust his administrative remedies under the PLRA.

Prisoners can file prison grievances and civil rights actions based on their First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

2005). The statute 42 U.S.C. §1997e states:

> **(a) Applicability of Administrative Remedies**
> No Action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Prisoners must exhaust available remedies. *See Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014). Further, exhaustion is required even if the relief sought is unavailable. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204 (2007). After the defendant meets their burden, the burden shifts to the plaintiff to bring evidence showing the grievance process, in their particular circumstance, made the remedies effectively unavailable. *Albino*, 747 F.3d at 1172. Defendant bears the final burden of proof. *Id.*

Here, Plaintiff failed to exhaust his administrative remedies as required by the PLRA, 42 U.S.C. § 1997e. He filed the initial grievance form on January 22, 2024, but the reviewing sergeant administratively closed the grievance on February 5, 2024, for failure to note an incident date within the previous 14 days, as required by the Jail grievance process. Plaintiff did not follow up with the first or second level appeals at the Kittitas County Jail. Also, his refiling of the grievance on February 6, 2024, did not follow the appeals process provided by the Jail. Further, Plaintiff has failed to show why the Jail's grievance process made the remedies effectively unavailable to him. *See Albino*, 747 F.3d at 1172.

There are no disputes as to the material facts of the case, and Defendant is entitled to judgment as a matter of law.

Finally, no amendment would cure Plaintiff's failure to exhaust his administrative remedies as required by the PLRA; thus, the Court declines to allow any further amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987),

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

*superseded on different grounds by* 28 U.S.C. § 1915(e)(2) *and as stated in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

2. The District Court Clerk is directed to **enter judgment** in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order, provide copies to *pro se* Plaintiff and counsel, and **close** the file.

**DATED** this 2nd day of January 2025.



Stanley A. Bastian
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5